IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

FRITZ JOSEPH ORZELEK,

        Plaintiff,　　　　　　　　　Civil Action No.
　　　　　　　　　　　　　　　　　　　3:17-CV-1153 (LEK/DEP)
   v.

ELIZABETH M. CAMP, *et al.*,

        Defendants.

---

APPEARANCES:　　　　　　　　　　OF COUNSEL:

FOR PLAINTIFF:

FRITZ JOSEPH ORZELEK, *Pro se*
5 Riverside Dr., Apt. 701
Binghamton, NY 13905

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

    This is an action brought by *pro se* plaintiff Fritz Joseph Orzelek against three named defendants. Although it is far from clear, it appears that plaintiff is attempting to assert a violation of his rights under the First Amendment to the United States Constitution pursuant to 42 U.S.C. §

1983. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Based upon consideration of those documents, plaintiff's application to proceed without prepayment of fees is granted, and I recommend that his complaint be dismissed with leave to replead.

I.   BACKGROUND

This action was commenced on or about October 17, 2017. Dkt. No. 1. In his complaint, plaintiff names as defendants (1) Elizabeth M. Camp, who, based upon the attachment to the complaint, appears to be his sister; (2) the Broome County Family Court; and (3) United States Attorney General Jeff Sessions. *Id.* at 2. After reciting the text of the First Amendment, plaintiff's complaint contains only one succinct paragraph, which is recited below in part II.B.2. of this report, and does not include factual allegations recounting the actions of the defendants and the basis for his claims against them. *Id.* Indeed, there are no factual allegations in either plaintiff's complaint or its attachment regarding the involvement of defendant Sessions in the action. *Id.*

Attached to plaintiff's complaint is a petition apparently filed by defendant Camp in the Broome County Family Court against plaintiff. Dkt. No. 1-1. Defendant Camp alleges in the petition that plaintiff, her brother,

2

sexually molested her, accosted her niece, and continues to harass and stalk her. *Id.*

II.  DISCUSSION

    A.  Plaintiff's IFP Application

Plaintiff's complaint was accompanied by a motion for leave to proceed IFP. Dkt. No. 2. When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, plaintiff's application sets forth the necessary information regarding his financial circumstances required to determine whether he qualifies for IFP status. Dkt. No. 2. Because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

---

[1]  The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]  Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

3

B.  Sufficiency of Plaintiff's Complaint

1.  Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

4

Case 3:17-cv-01153-LEK-DEP   Document 5   Filed 11/28/17   Page 5 of 12

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

5

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. Analysis

Although I am mindful of my obligation to extend special solicitude to *pro se* litigants and liberally construe their pleadings, I nonetheless find that plaintiff's complaint contains factual allegations that are unintelligible, and a legally cognizable claim is not readily apparent from his pleading. The complaint begins by reciting the language of the First Amendment to the United States Constitution. Dkt. No. 1 at 2. It then goes on to state the following:

> The petition(er) 'Elizabeth M Camp -against- Joseph Fritz Orzelek' in concert and enjoinment with the FAMILY COURT OF THE STATE OF NEW YORK, COUNTY OF BROOME, both represents a 'Free Speech' document and request, and **none other liberty endangerment within the power and scope of either movant,** to the Plaintiff, Mr. Orzelek with reference to Ms. Camp and the FAMILY COURT OF THE STATE OF NEW YORK, COUNTY OF BROOME, and further represents an abridgment of Mr. Orzelek's 'Freedom of Speech' and right to equal protection under the law.

*Id.* (emphasis in original). Because the complaint fails to allege any facts that could be construed as giving rise to a cognizable cause of action, I recommend that it be dismissed. *See, e.g., Canning v. Hofmann*, No. 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in

7

Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.").

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be

productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance it is difficult to say whether, through amendment, plaintiff can plead facts demonstrating the existence of a cognizable claim. Out of an abundance of caution, and in deference to plaintiff's *pro se* status, however, I recommend that he be given on opportunity to amend his complaint.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each

alleged wrongful act. In addition, to the extent plaintiff's amended complaint asserts a cause of action pursuant to 42 U.S.C. § 1983, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be therefore constitute a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.   SUMMARY AND RECOMMENDATION

Plaintiff's request for leave to proceed IFP appears to be complete and demonstrates his entitlement to that status. Accordingly, I will grant his request for leave to proceed without prepayment of fees.

Plaintiff's complaint in this action, however, is unintelligible and fails to contain facts demonstrating the existence of a cognizable cause of

action. Accordingly, I recommend that his complaint be dismissed, but that he be given an opportunity to amend his complaint.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED with leave to replead within thirty days of the date of any decision adopting this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this

---

[3] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

11

court's local rules.

Dated:   November 28, 2017
         Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge